# EXHIBIT B

**IN THE CIRCUIT COURT FOR 20TH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY, TENNESEE**

| | |
|---|---|
| Jane Doe, | ) |
|     *Plaintiff,* | ) |
| | ) |
| v. | )   **Docket No.:** |
| | )   **JURY DEMAND (12)** |
| Belmont University, | ) |
|     *Defendant.* | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Jane Doe (hereinafter "Plaintiff"), by and through counsel of record at the Law Offices of Hagar & Phillips, PLLC and files this complaint for personal injuries sustained as a result of injuries received at the hands of the Defendant as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Defendant is a Tennessee Non-Profit Corporation with a principal place of business in Davidson County, Tennessee. Defendant is a university.

2. Plaintiff's causes of action arise in tort under and by virtue of the laws of the State of Tennessee for the damages Plaintiff sustained as a result of the actions of Defendant in Davidson County, Tennessee.

3. Subject matter jurisdiction over this action is proper pursuant to T.C.A. §16-10-101.

4. Venue for a trial on the merits in Davidson County, Tennessee is proper in part by virtue of T.C.A. § 20-4-102.

### FACTUAL BACKGROUND

5. Plaintiff began attending classes at Belmont University during the Fall 2023 semester.

6. Plaintiff is diagnosed with a medical condition that causes a number of symptoms when Plaintiff transitions from lying down to sitting to standing up, such as a fast heart rate,

dizziness, fainting, and fatigue. Plaintiff's medical condition effects Plaintiff every day, but Plaintiff still lives a normal life.

7.    Plaintiff's medical condition has caused Plaintiff to experience fainting episodes on Defendant's campus. Plaintiff was diagnosed with this medical condition as a child and is familiar with its symptoms. Plaintiff can often tell when she is at risk to faint. When Plaintiff feels this coming on, Plaintiff is able to communicate this to someone and can lie down or take other action to mitigate Plaintiff's symptoms.

8.    Defendant's employees and agents have met and interacted with Plaintiff to discuss Plaintiff's medical condition. At these meetings and interactions, Defendant's employees and agents have insulted and demeaned Plaintiff.

**COUNTS I-III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

9.    Plaintiff reincorporates Paragraphs 1-8 as if repeated verbatim herein.

10.   On November 8, 2023, January 23, 2024, and February 23, 2024, Plaintiff met with Defendant's employees and agents, including the Associate Dean of Students and the Associate Dean of Students for Community Living and Housing, regarding Plaintiff's medical condition.

11.   At these meetings, Defendant, through its employees and agents, engaged with Plaintiff in a hostile and demeaning manner. Defendant brought employees and agents, other than those scheduled to attend, to the meeting with no notice to Plaintiff. Defendant, among other things, admonished Plaintiff for Plaintiff's medical condition and fainting episodes, and stated Plaintiff was "traumatizing" other students.

12.   At all times Defendant owed a duty to Plaintiff to use reasonable care to avoid causing severe emotional distress.

13.     Defendant breached this duty to Plaintiff during the November 8, 2023, January 23, 2024, and February 23, 2024, meetings.

14.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages and injuries, including severe emotional distress.

15.     Defendant's above conduct constitutes three (3) counts of negligent infliction of emotional distress.

### COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

16.     Plaintiff reincorporates Paragraphs 1-15 as if repeated verbatim herein.

17.     In January 2024, Plaintiff while showering, experienced a fainting episode.

18.     Per Defendant's guidelines and instructions, Defendant's Campus Security Responded to the incident. One of Defendant's residence assistants responded as well.

19.     Defendant's security officer and residence assistant failed to cover up Plaintiff and allowed Plaintiff to lie nude on the shower floor. Plaintiff was conscious at this time but could not move or speak.

20.     Defendant owed a duty to Plaintiff to use reasonable care to avoid causing severe emotional distress.

21.     Defendant breached its duty to Plaintiff during the aforementioned incident in January 2023.

22.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages and injuries, including severe emotional distress.

### COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23.     Plaintiff reincorporates Paragraphs 1-22 as if repeated verbatim herein.

24.     On February 23, 2024, Defendant's Associate Dean of Students wrote Plaintiff a letter

informing Plaintiff that she was being removed from campus housing. Defendant made numerous statements regarding Plaintiff's medical condition and the severe emotional distress that is the subject of this Complaint.

25. Defendant's actions were intentional or reckless.

26. Defendant's actions were so outrageous they are not tolerated by civilized society.

27. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages and injuries, including severe emotional distress.

## DAMAGES

1. As a result of Defendant's negligence, Plaintiff has and will continue to suffer damages in an amount unknown at this time.

2. Plaintiff is requesting from Defendants compensatory damages for the personal injury and disability suffered by Plaintiff as a proximate result of the Defendant's conduct and consequential, incidental, and punitive damages in an amount to be shown at trial.

## WHEREFORE, PLAINTIFF PRAYS:

1. That process issue upon Defendants requiring them to appear and answer this *Complaint* within the time provided by law;

2. That Plaintiff be awarded a judgment against Defendants for all damages, including actual, compensatory, incidental, and consequential, and punitive in the amount to be proven at trial; prejudgment interest in the statutory rate; Plaintiff's reasonable attorney's fees; and costs in an amount to be determined at trial;

3. For costs of this matter to be taxed to the Defendants; and

4. That Plaintiff have such other, further, and general relief as the Court deems just and equitable or to which he may otherwise be properly entitled under the law.

Respectfully submitted this 1 day of <u>November</u>, 2024.

/s/ DAVID C. BRUST
TIFFANY D. HAGAR, #029190
ERIC L. PHILLIPS, #027980
DAVID C. BRUST, #040233
*Attorneys for Plaintiff*
Hagar & Phillips, PLLC
207 University Ave.
Lebanon, TN 37087
(615) 784-4588
(855) 286-8279 (fax)
ephillips@hplawtn.com
dbrust@hplawtn.com

## VERIFICATION

STATE OF TENNESSEE
COUNTY OF __Wilson__

    **JANE DOE**, having been first duly sworn, make oath that the statements contained in the foregoing *Complaint* are true to the best of her knowledge, information and belief.

__Jane Doe__
JANE DOE, *Plaintiff*

Sworn to me and subscribed.

    WITNESS MY HAND AND OFFCIAL SEAL at Lebanon, Tennessee, this __31__ day of __October__, 2024.

My Commission Expires: __7/22/26__      _____
NOTARY PUBLIC

# IN THE CIRCUIT COURT FOR 20ᵀᴴ JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY, TENNESEE

Jane Doe,                                )
          *Plaintiff,*                    )
                                          )
v.                                        )          Docket No.:
                                          )
Belmont University,                      )
          *Defendant.*                    )

---

## AFFIDAVIT OF PLAINTIFF'S COUNSEL IN SUPPORT OF MOTION UNDER LOCAL RULE 6.04

---

I, David C. Brust, after being duly sworn according to law state as follows:

1. I am an adult resident of the state of Tennessee. I do not suffer from mental illness, defect or disorder that would prevent me from making this affidavit.

2. I am an attorney, over the age of 18, and make this Declaration based on my personal knowledge or based on information made available to me.

3. I am counsel for Plaintiff. I submit this Affidavit in support of Plaintiff's *Motion Under Local Rule 6.04* to file under a pseudonym.

4. The undersigned acknowledges that filing under a pseudonym is not a common practice and involves federal and state constitutional considerations. However, the undersigned submits that the filing of the Complaint under a pseudonym is justified under the circumstances described in the Complaint and in this Declaration.

5. Plaintiff is a student at Belmont University (hereinafter "Defendant") located in Davidson County, Tennessee. At this time, Plaintiff desires for his/her identity to remain anonymous, which would otherwise be made public through a court filing. The reasons for this request are outlined below.

6. Plaintiff is diagnosed with a medical condition that causes a number of symptoms when you transition from lying down to sitting to standing up, such as a fast heart rate, dizziness, fainting, and fatigue. Plaintiff's medical condition effects Plaintiff every day, but Plaintiff still lives a normal life.

7. Plaintiff's medical condition has caused Plaintiff to experience fainting episodes on Defendant's campus. Plaintiff was diagnosed with this medical condition as a child and is

familiar with its symptoms. Plaintiff can often tell when he/she is at risk to faint. When Plaintiff feels this coming on, Plaintiff is able to communicate this to someone and can lie down or take other action to mitigate Plaintiff's symptoms.

8. Defendant's employees and agents, including the Associate Dean of Students, the Associate Dean of Students for Community Living and Housing, and Resident Assistants, have met and interacted with Plaintiff to discuss Plaintiff's medical condition. At these meetings and interactions, Defendant's employees and agents have insulted and demeaned Plaintiff.  Additionally, the undersigned submits, upon information and belief, Defendant's employees and agents failed to cover up Plaintiff when Plaintiff needed assistance due to Plaintiff's medical condition while Plaintiff was nude in the shower.

9. As a result of Defendant's actions, Plaintiff has suffered harm that includes severe emotional distress. Prior to the aforementioned events, Plaintiff had no history of physical manifestations of mental health conditions and did not take medication for mental health conditions. Plaintiff is attempting to avoid furthering the damage caused by limiting the exposure of the utmost intimate details of his/her mental health conditions on campus, in the community, and the public at large. Plaintiff's motion under Local Rule 6.04 to proceed under a pseudonym is an effort to mitigate damages and protect Plaintiff's personal and to protect Plaintiff's personal and medical privacy interests. Plaintiff attends college in Middle Tennessee and does not want her colleagues, friends, fellow students and/or general public to learn about her severe emotional distress because of this litigation.

10. The undersigned submits that public policy favors the allowance of Local Rule 6.04 motions for victims of conduct that causes extreme emotional distress. Requiring public disclosure may otherwise act as a deterrent to the pursuit of claims by victims due to a fear that the utmost intimate details of their emotional distress and mental health records will be made public. In addition, the undersigned submits that Plaintiff should be allowed to control the timing and means of disclosure of the utmost intimate details of the severe emotional distress Plaintiff has suffered and of Plaintiff's private medical information.

11. The undersigned respectfully submits that the Plaintiff's anonymity is necessary and appropriate under the circumstances presented, and outweighs the presumption of public access to the identities of litigants.

AND FURTHER THE AFFIANT SAITH NOT.

DAVID C. BRUST

Sworn to me and subscribed.

WITNESS MY HAND AND OFFICIAL SEAL AT Lebanon Tennessee, this 31st day of October , 2024.

My Commission Expires:

8·19·2025
STATE OF TENNESSEE
COUNTY OF WILSON

NOTARY PUBLIC

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESEE AT NASHVILLE

**Jane Doe,**   )
    *Plaintiff,*   )
       )
**v.**   )   **Docket No.:**
       )
**Belmont University,**   )
    *Defendant.*   )

---

## MOTION UNDER LOCAL RULE 6.04

---

Comes now Plaintiff by and through counsel, and pursuant to Local Rule 6.04 and respectfully requests to file this case under the pseudonym "Jane Doe." This case involves claims which are expected to be asserted in the appropriate forum against Defendant. Plaintiff has asked to proceed in this fashion in order to minimize or mitigate damages and to protect Plaintiff's utmost intimate mental health records and privacy interests.

Respectfully submitted this <u>1</u> day of <u>November</u>, 2024.

   /s/ DAVID C. BRUST
**TIFFANY D. HAGAR, #**029190
**ERIC L. PHILLIPS, #**027980
**DAVID C. BRUST** #040233
Hagar & Phillips, PLLC
*Attorneys for Petitioner*
207 University Avenue
Lebanon, TN 37087
(615) 784-4588
(855) 286-8279
dbrust@hplawtn.com

**IN THE CIRCUIT COURT FOR 20TH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY, TENNESEE**

| | | |
|---|---|---|
| **Jane Doe,** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Docket No.:** |
| | ) | |
| **Belmont University,** | ) | |
| *Defendant.* | ) | |

---

### ORDER GRANTING MOTION UNDER LOCAL RULE 6.04

---

This cause came to be heard on Plaintiff's *Motion Under Local Rule 6.04.* Based upon the Court's review of the *Motion*, the Declaration of Plaintiff's counsel, the *Complaint*, and for good cause shown, the Court finds the *Motion* well taken and therefore is GRANTED.

The Office of the Clerk is instructed to file the Complaint under the pseudonym.

**IT IS SO ORDERED**.

*** Electronic Signature Page Attached***

APPROVED FOR ENTRY BY:

/s/ DAVID C. BRUST
**TIFFANY D. HAGAR, #029190**
**ERIC L. PHILLIPS,** #027980
**DAVID C. BRUST** #040233
Hagar & Phillips, PLLC
*Attorneys for Petitioner*
207 University Avenue
Lebanon, TN 37087
(615) 784-4588
(855) 286-8279
dbrust@hplawtn.com

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

Service ID 474242

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

JANE DOE

                                                    **Plaintiff**

vs.

BELMONT UNIVERSITY
1900 BELMONT BOULEVARD
NASHVILLE, TN 37212

                                                    **Defendant**

CIVIL ACTION
DOCKET NO. 24C2771
Method of Service:
   Personal Service

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  11/01/2024

                            <u>JOSEPH P. DAY</u>
                            Circuit Court Clerk
                            Davidson County, Tennessee

                    By:  _____

                            _____
                            Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:
   DAVID C. BRUST
   207 UNIVERSITY AVENUE
   LEBANON, TN 37087

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

 To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev 09/01/2022

CIRCUIT COURT SUMMONS
NASHVILLE, TENNESSEE

Service ID 474242

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

JANE DOE

Plaintiff

vs.

BELMONT UNIVERSITY
1900 BELMONT BOULEVARD
NASHVILLE, TN 37212

Defendant

CIVIL ACTION
DOCKET NO. 24C2771
Method of Service:
 Personal Service

Service ID 474242

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:
_____

_____ failed to serve this Summons within 90 days after its issuance because _____
_____

_____
Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

# IN THE CIRCUIT COURT FOR 20ᵀᴴ JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY, TENNESEE

| | | |
|---|---|---|
| **Jane Doe,** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Docket No.:** |
| | ) | |
| **Belmont University,** | ) | |
| *Defendant.* | ) | |

## ORDER DENYING MOTION UNDER LOCAL RULE 6.04

This cause came to be heard on Plaintiff's *Motion Under Local Rule 6.04*. Based upon the Court's review of the *Motion*, the Declaration of Plaintiff's counsel, and the *Complaint*, the Court finds that the facts are insufficient to overcome the presumption of public access to the identities of the litigants and DENIES Plaintiff's *Motion Under Local Rule 6.04*.

"Tennessee courts have long recognized that judicial proceedings are presumptively open," and this presumption applies to judicial records and "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values…" *In re NHC--Nashville Fire Litig.*, 293 S.W.3d 547, 561 (Tenn. Ct. App. 2008), *State v. Drake,* 701 S.W.2d 604 (Tenn.1985). "The public's right to access… serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *In re NHC--Nashville Fire Litig.*, 293 S.W.3d at 561, *quoting Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996).

Pursuant to Rule 6.04 of the Davidson County Local Rules of Practice, Plaintiff submitted a Verified Complaint and this motion, accompanied with the affidavit of counsel, requesting permission for Plaintiff to proceed under a pseudonym. However, the Court finds that the facts contained in these documents are insufficient to overcome the presumption of public access.

Therefore, the Office of the Clerk shall not file the Complaint under the pseudonym.

**IT IS SO ORDERED**.

*s/Anne C. Martin*

**ANNE C. MARTIN**
**CHANCELLOR, PART II**

cc by U.S. mail, email, or efiling as applicable to:

Tiffany D. Hagar, Esq.
Eric L. Phillips, Esq.
David C. Brust, Esq.
HAGAR & PHILLIPS, PLLC
207 University Avenue
Lebanon, TN 37087
dbrust@hplawtn.com

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESEE AT NASHVILLE

| | | |
|---|---|---|
| **Jane Doe,** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Docket No.:** |
| | ) | |
| **Belmont University,** | ) | |
| *Defendant.* | ) | |

---

## RENEWED MOTION UNDER LOCAL RULE 6.04

---

Comes now Plaintiff by and through counsel, and pursuant to Local Rule 6.04 and respectfully requests to file this case under the pseudonym "Jane Doe." This case involves claims which are expected to be asserted in the appropriate forum against Defendant. Plaintiff has asked to proceed in this fashion in order to minimize or mitigate damages and to protect Plaintiff's utmost intimate mental health records and privacy interests, as Plaintiff has suffered severe emotional distress which includes two suicide attempts, panic attacks, and self-harm.

Respectfully submitted this <u>8</u> day of <u>November</u>, 2024.

          <u>/s/ DAVID C. BRUST</u>
**TIFFANY D. HAGAR, #**029190
**ERIC L. PHILLIPS,** #027980
**DAVID C. BRUST** #040233
Hagar & Phillips, PLLC
*Attorneys for Petitioner*
207 University Avenue
Lebanon, TN 37087
(615) 784-4588
(855) 286-8279
dbrust@hplawtn.com

**IN THE CIRCUIT COURT FOR 20TH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY, TENNESEE**

| | | |
|---|---|---|
| Jane Doe, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Docket No.:** |
| | ) | |
| Belmont University, | ) | |
| *Defendant.* | ) | |

## AFFIDAVIT OF PLAINTIFF'S COUNSEL IN SUPPORT OF RENEWED MOTION UNDER LOCAL RULE 6.04

I, David C. Brust, after being duly sworn according to law state as follows:

1.  I am an adult resident of the state of Tennessee. I do not suffer from mental illness, defect or disorder that would prevent me from making this affidavit.

2.  I am an attorney, over the age of 18, and make this Declaration based on my personal knowledge or based on information made available to me.

3.  I am counsel for Plaintiff. I submit this Affidavit in support of Plaintiff's *Motion Under Local Rule 6.04* to file under a pseudonym.

4.  The undersigned acknowledges that filing under a pseudonym is not a common practice and involves federal and state constitutional considerations. However, the undersigned submits that the filing of the Complaint under a pseudonym is justified under the circumstances described in the Complaint and in this Declaration.

5.  Plaintiff is a student at Belmont University (hereinafter "Defendant") located in Davidson County, Tennessee. At this time, Plaintiff desires for her identity to remain anonymous, which would otherwise be made public through a court filing. The reasons for this request are outlined below.

6.  Plaintiff is diagnosed with a medical condition that causes a number of symptoms when you transition from lying down to sitting to standing up, such as a fast heart rate, dizziness, fainting, and fatigue. Plaintiff's medical condition effects Plaintiff every day, but Plaintiff still lives a normal life.

7.  Plaintiff's medical condition has caused Plaintiff to experience fainting episodes on Defendant's campus. Plaintiff was diagnosed with this medical condition as a child and is

familiar with its symptoms. Plaintiff can often tell when he/she is at risk to faint. When Plaintiff feels this coming on, Plaintiff is able to communicate this to someone and can lie down or take other action to mitigate Plaintiff's symptoms.

8. Defendant's employees and agents, including the Associate Dean of Students, the Associate Dean of Students for Community Living and Housing, and Resident Assistants, have met and interacted with Plaintiff to discuss Plaintiff's medical condition. At these meetings and interactions, Defendant's employees and agents have insulted and demeaned Plaintiff. Additionally, the undersigned submits, upon information and belief, Defendant's employees and agents failed to cover up Plaintiff when Plaintiff needed assistance due to Plaintiff's medical condition while Plaintiff was nude in the shower.

9. As a result of Defendant's actions, Plaintiff has suffered harm that includes severe emotional distress, which includes but is not limited to two suicide attempts, panic attacks, and self-harm.

10. Prior to the aforementioned events, Plaintiff had no history of physical manifestations of mental health conditions and did not take medication for mental health conditions. Plaintiff had never attempted suicide and had no history suicidal ideation prior to these events.

11. Plaintiff is attempting to avoid furthering the damage caused by limiting the exposure of the utmost intimate details of her mental health conditions on campus, in the community, and the public at large. Plaintiff's renewed motion under Local Rule 6.04 to proceed under a pseudonym is an effort to mitigate damages and protect Plaintiff's personal and to protect Plaintiff's personal and medical privacy interests. Plaintiff attends college in Middle Tennessee and does not want her colleagues, friends, fellow students and/or general public to learn about her severe emotional distress because of this litigation.

12. The undersigned submits that public policy favors the allowance of Local Rule 6.04 motions for victims of conduct that causes extreme emotional distress, that includes multiple suicide attempts and self-harm. Requiring public disclosure may otherwise act as a deterrent to the pursuit of claims by victims due to a fear that the utmost intimate details of their emotional distress, such as suicide attempts, and mental health records will be made public. In addition, the undersigned submits that Plaintiff should be allowed to control the timing and means of disclosure of the utmost intimate details of the severe

emotional distress, including her suicide attempts and self-harm. Plaintiff has suffered and of Plaintiff's private medical information.

13. The undersigned respectfully submits that the Plaintiff's anonymity is necessary and appropriate under the circumstances presented, and outweighs the presumption of public access to the identities of litigants.

AND FURTHER THE AFFIANT SAITH NOT.

DAVID C. BRUST

Sworn to me and subscribed.

WITNESS MY HAND AND OFFICIAL SEAL AT Lebanen Tennessee, this 8th day of November , 2024 .

My Commission Expires:

8·19·2025
STATE OF TENNESSEE
COUNTY OF WILSON

CAITLIN AVERY
TENNESSEE
NOTARY
PUBLIC
COUNTY OF WILSON

NOTARY PUBLIC

**IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESEE AT NASHVILLE**

| | | |
|---|---|---|
| **Jane Doe,** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Docket No.:** |
| | ) | |
| **Belmont University,** | ) | |
| *Defendant.* | ) | |

---

## MOTION TO RECUSE

---

Comes now Plaintiff by and through counsel, by and through counsel, and pursuant to Tenn. S. Ct. Rule 10(b) and respectfully requests that this Honorable Court, as the Trial Judge of Court of Recording in this matter, recuse herself from presiding over these proceedings due to the appearance of the Judge's inability to be impartial towards the Plaintiff in favor of the Defendant, or in the alternative, the appearance of the Judge's bias in favor of Defendant. In support of this *Motion*, Plaintiff would show:

1. That Plaintiff's *Motion for Recusal* is supported by the *Affidavit of Plaintiff's Counsel* attached hereto as *Exhibit 1*.

2. That Plaintiff's *Motion for Recusal* is not submitted for any improper purpose, pursuant to Tenn. S. Ct. Rule 10(b), § 1.01.

3. That pursuant to Tenn. R. S. Ct. Rule 10(b), a party may seek recusal of a judge of a court of record by written motion.

4. That pursuant to Tenn. S. Ct. R. 10, Cannon 2, Rule 2.2, a judge "shall uphold and apply the law… fairly and impartially." "To ensure impartiality and fairness to all parties, a judge must be objective and open-minded." Comment 1.

5. Pursuant to Tenn. S. Ct. R. 10, Cannon 2, Rule 2.3, a judge "shall perform the duties of judicial office… without bias or prejudice." "A judge who manifests bias or prejudice in a proceeding impairs the fairness of the proceeding..." Comment 1.

6. Further, Pursuant to Tenn. S. Ct. R. 10, Canon 2, Rule 2.4, a judge "shall not permit… other interests or relationships to influence the judge's judicial conduct or judgment." "An independent judiciary requires that judges decide cases according to the law and facts, without regard to whether particular laws or litigants are popular or unpopular with

the public, the media, government officials, or the judge's friends or family. Confidence in the judiciary is eroded if judicial decision making is perceived to be subject to inappropriate outside influences." Comment 1.

7. A "party challenging the impartiality of a judge must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned." *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012).

8. That Plaintiff avers that recusal is appropriate in this case due to the appearance of the Judge's inability to be impartial towards the Plaintiff in favor of the Defendant, Belmont University (hereinafter "Defendant") or in the alternative, the appearance of the Judge's bias in favor of Defendant.

9. More specifically, Plaintiff avers that this Honorable Court has employed by the Defendant Belmont University from 2015 through 2018. Plaintiff avers that based on this Honorable Court's prior employment by Defendant, the Court's impartiality and bias might reasonably be questioned by a person of ordinary prudence.

10. Plaintiff avers that the Judge's previous employment relationship with Defendant shows at least the appearance of the Judge's inability to be impartial towards the Plaintiff in favor of the Defendant, Belmont University in violation of Tenn. S. Ct. R. 10, Canon 2, Rules, 2.2, 2.3 and 2.4. In the alternative, Plaintiff avers that these circumstances shows the appearance of the Judge's bias in favor of Defendant and the Judge's impartiality and bias might reasonably be questioned by a person of ordinary prudence.

**WHEREFORE, PLAINTIFF PRAYS**:

1. That this *Motion* be granted;

2. That this Honorable Court recuse itself from this matter;

3. That a new judge be appointed to serve as the judge in this matter; and

4. For Plaintiff to be granted any such other and further relief to which she is entitled.

Respectfully submitted this <u>8</u> day of <u>November</u>, 2024.

   <u>/s/ DAVID C. BRUST</u>
**TIFFANY D. HAGAR,** #029190
**ERIC L. PHILLIPS,** #027980
**DAVID C. BRUST** #040233
Hagar & Phillips, PLLC
*Attorneys for Petitioner*
207 University Avenue
Lebanon, TN 37087
(615) 784-4588
(855) 286-8279
dbrust@hplawtn.com

**IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESEE AT NASHVILLE**

| | |
|---|---|
| **Jane Doe,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Docket No.:** |
| | ) |
| **Belmont University,** | ) |
| **Defendant.** | ) |

---

## AFFIDAVIT OF DAVID C. BRUST

---

Comes now Affiant, DAVID C. BRUST, after first being duly sworn according to law, and states as follows:

1. I am an adult resident of the state of Tennessee. I do not suffer from mental illness, defect or disorder that would prevent me from making this affidavit.

2. I am an attorney, over the age of 18, and make this Declaration based on my personal knowledge or based on information made available to me.

3. I am counsel for Plaintiff in the above-styled matter.

4. That the Motion for Recusal filed in the above-styled matter and on Plaintiff's behalf is not submitted for any improper purpose.

5. That the Honorable Anne C. Martin was employed by Belmont University from August 2015 to December 2018.

6. That Plaintiff has filed such *Motion for Recusal* due to her belief that the Judge in this matter, the Honorable Chancellor Anne Martin, inability to be impartial towards the Plaintiff in favor of the Defendant, or in the alternative, the appearance of the Judge's bias in favor of Defendant.

AND FURTHER THE AFFIANT SAITH NOT.

_____

DAVID C. BRUST

Sworn to me and subscribed.

WITNESS MY HAND AND OFFICIAL SEAL AT _Lebanen_, Tennessee, this _8th_ day of _November_, 20_24_.

My Commission Expires:

_8 · 19 · 2025_

STATE OF TENNESSEE
COUNTY OF WILSON

NOTARY PUBLIC

## IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
## TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

| | | |
|---|---|---|
| **Jane Doe,** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Docket No.:** |
| | ) | |
| **Belmont University,** | ) | |
| *Defendant.* | ) | |

## <u>ORDER GRANTING MOTION TO RECUSE</u>

On November 1, 2024, Plaintiff Jane Doe filed the Complaint in this matter, along with a Motion Under Local Rule 6.04, requesting to proceed under the pseudonym "Jane Doe," and an affidavit of Plaintiff's counsel explaining the basis for the motion. On November 6, 2024, the Court entered an Order denying Plaintiff's request to proceed under a pseudonym because the facts alleged in counsel's affidavit did not overcome the presumption of public access to judicial records.

On November 8, 2024, Plaintiff filed a Renewed Motion Under Rule 6.04 and a motion requesting that this Court recuse itself from this matter based on the Court's alleged impartiality and bias in favor of Defendant Belmont University. The Court served as an adjunct professor of law for Belmont University from 2015 through 2018. The Court's former employer-employee status with Defendant did not impact the Court's ruling on November 6, 2024, and has not created a conflict of interest that would result in impartial or biased rulings. However, to avoid the appearance of potential bias, the Court hereby recuses itself from Plaintiff's Renewed Motion Under Local Rule 6.04 and refers this motion to Judge C. David Briley, the Presiding Judge *pro tem*. The Office of the Circuit Court Clerk shall refer this matter accordingly.

It is so **ORDERED.**

*s/Anne C. Martin*
**ANNE C. MARTIN**
**CHANCELLOR, PART II**

cc: Tiffany D. Hagar, Esq.
Eric L. Phillips, Esq.
David C. Brust, Esq.
HAGAR & PHILLIPS, PLLC
207 University Avenue
Lebanon, TN 37087
dbrust@hplawtn.com

Honorable C. David Briley

Davidson County Circuit Court Clerk

2

EFILED 11/14/24 08:33 AM CASE NO. 24C2771 Joseph P. Day, Clerk
EFILED 11/14/24 07:50 AM CASE NO. 24PJ Joseph P. Day, Clerk

## IN THE CIRCUIT COURT FOR THE STATE OF TENNESSEE
## TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No.: |
| | ) |
| BELMONT UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

### ORDER

On November 6, 2024, Chancellor Anne C. Martin entered an Order denying Plaintiff's request to proceed under a pseudonym in this matter because the facts alleged in counsel's October 31, 2024, affidavit and related motion did not overcome the presumption of public access to judicial records. Chancellor Martin subsequently recused herself from this matter on November 12, 2024. Now before this Court is Plaintiff's Renewed Motion Under Local Rule 6.04, requesting to proceed under the pseudonym "Jane Doe."

Initially, this Court agrees with Chancellor Martin's assessment of the Plaintiff's written submissions as of November 6, 2024. They did not overcome the presumption of public access to judicial records. Subsequently, counsel for the Plaintiff on November 8, 2024, did submit a supplemental affidavit which further elaborated upon the potential injury to the Plaintiff from the public disclosure of her name in the context of this litigation. In this Court's opinion, as a preliminary determination, the Plaintiff has met her burden of overcoming the presumption of public access to judicial records. As a result, Plaintiff's motion to proceed under a pseudonym pursuant to Local Rule 6.04 is GRANTED. This Order is preliminary and subject to review of the Circuit Judge to whom the case is assigned as well as motion practice initiated by the defendant.

It is so ORDERED.

C. DAVID BRILEY
1st Circuit Court

1

cc:     Tiffany D. Hagar, Esq.
        Eric L. Phillips, Esq.
        David C. Brust, Esq.
        HAGAR & PHILLIPS, PLLC
        207 University Avenue
        Lebanon, TN 37087
        dbrust@hplawtn.com

        Davidson County Circuit Court Clerk

2

EFILED 12/18/24 09:22 AM CASE NO. 24C2771 Joseph P. Day, Clerk

EFILED 11/01/24 08:49 AM CASE NO. 24C2771 Joseph P. Day, Clerk

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 474242

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

CIVIL ACTION
DOCKET NO. 24C2771
Method of Service:
Personal Service

JANE DOE

_____ Plaintiff

vs.

BELMONT UNIVERSITY
1900 BELMONT BOULEVARD
NASHVILLE, TN 37212

_____ Defendant

RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ___25th___ day of ___November___, 20_24_, I:

__✓__ served this Summons and Complaint/Petition on ___Jason Rogers___ in the following manner:
___Hand-delivered @ 1617 Westgrove Ave Murfreesboro TN___

_____ failed to serve this Summons within 90 days after its issuance because _____

___Bridgett Plante / MidSouth Investigations___
_____
Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

Service ID 474242

## IN THE CIRCUIT COURT FOR THE 20TH JUDICIAL DISTRICT
## AT NASHVILLE, DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| **JANE DOE,** | ] | |
| | ] | |
| *Plaintiff*, | ] | |
| | ] | |
| **v.** | ] | **Case No. 24C2771** |
| | ] | |
| **BELMONT UNIVERSITY,** | ] | |
| | ] | |
| *Defendant*. | ] | |

### UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

Defendant, Belmont University ("Belmont"), respectfully requests a 30-day extension of time to respond to the Complaint of Plaintiff Jane Doe ("Doe") to January 27, 2025. Doe served the Complaint upon Belmont on November 25, 2024; as such, Belmont's responsive pleading is due on December 26, 2024. Belmont is diligently investigating the allegations in the Complaint; however, given Belmont's holiday schedule, as well as that of Belmont's counsel, Belmont requires additional time. Counsel for Belmont has conferred with counsel for Doe, and counsel for Doe has consented to this request. This request will not prejudice either party or the Court, and it will not impact any deadlines in this case as none have been set.

For the foregoing reasons, Belmont respectfully requests that the Court grant its Unopposed Motion for Extension of Time to Respond to the Complaint.

Respectfully submitted,

Jennifer Rusie (TN BPR #026009
Lauren Irwin (TN BPR #038433)
JACKSON LEWIS, P.C.
611 Commerce Street, Suite 2803
Nashville, TN 37203
Ph: (615) 565-1661
Jennifer.Rusie@jacksonlewis.com
Lauren.Irwin@jacksonlewis.com

## NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT THE ABOVE MOTION HAS BEEN SET FOR HEARING BEFORE THE FIFTH CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE ON <u>JANUARY 31, 2024</u>, BEGINNING AT <u>9:00 A.M.</u>**

## CERTIFICATE OF SERVICE

I hereby certify that the following individuals were served via the Court's electronic filing system and by electronic mail on December 23, 2024:

Tiffany D. Hagar
Eric L. Phillips
David C. Brust
Hagar & Phillips, PLLC
207 University Avenue
Lebanon, Tennessee 37087
ephillips@hplawtn.com
dbrust@hplawtn.com

*Attorneys for Plaintiff*

Jennifer S. Rusie

4902-2839-6041, v. 1

## IN THE CIRCUIT COURT FOR THE 20TH JUDICIAL DISTRICT
## AT NASHVILLE, DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| JANE DOE, | ] |
| | ] |
| *Plaintiff*, | ] |
| | ] |
| v. | ]  **Case No. 24C2771** |
| | ] |
| BELMONT UNIVERSITY, | ] |
| | ] |
| *Defendant*. | ] |

## NOTICE OF APPEARANCE

I, Jennifer S Rusie, enter my appearance as counsel of record for Defendant, Belmont University ("Belmont") in the above-captioned case.

Respectfully submitted,

_____
Jennifer Rusie (TN BPR #026009)
Lauren Irwin (TN BPR #038433)
JACKSON LEWIS, P.C.
611 Commerce Street, Suite 2803
Nashville, TN 37203
Ph: (615) 565-1661
Jennifer.Rusie@jacksonlewis.com
Lauren.Irwin@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following individuals were served via the Court's electronic filing system on December 26, 2024:

Tiffany D. Hagar
Eric L. Phillips
David C. Brust
Hagar & Phillips, PLLC
207 University Avenue
Lebanon, Tennessee 37087
ephillips@hplawtn.com
dbrust@hplawtn.com

*Attorneys for Plaintiff*


_____
Jennifer S. Rusie

4932-5981-6202, v. 1

**IN THE FIRST CIRCUIT COURT FOR 20ᵀᴴ JUDICIAL DISTRICT AT NASHVILLE,
DAVIDSON COUNTY, TENNESEE**

| | | |
|---|---|---|
| **Jane Doe,** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Docket No.: 24C2771** |
| | ) | **JURY DEMAND (12)** |
| **Belmont University,** | ) | |
| *Defendant*. | ) | |

---

## AMENDED COMPLAINT

---

COMES NOW, the Plaintiff, Jane Doe (hereinafter "Plaintiff"), by and through counsel of record at the Law Offices of Hagar & Phillips, PLLC and files this *Amended Complaint* for personal injuries sustained as a result of injuries received at the hands of the Defendant as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Defendant is a Tennessee Non-Profit Corporation with a principal place of business in Davidson County, Tennessee. Defendant is a university.

2. Plaintiff's causes of action arise in tort under and by virtue of the laws of the State of Tennessee for the damages Plaintiff sustained as a result of the actions of Defendant in Davidson County, Tennessee.

3. Subject matter jurisdiction over this action is proper pursuant to T.C.A. §16-10-101.

4. Venue for a trial on the merits in Davidson County, Tennessee is proper in part by virtue of T.C.A. § 20-4-102.

### FACTUAL BACKGROUND

5. Plaintiff began attending classes at Belmont University during the Fall 2023 semester.

6. Plaintiff is diagnosed with a medical condition that causes a number of symptoms when Plaintiff transitions from lying down to sitting to standing up, such as a fast heart rate,

dizziness, fainting, and fatigue. Plaintiff's medical condition effects Plaintiff every day, but Plaintiff still lives a normal life.

7.     Plaintiff's medical condition has caused Plaintiff to experience fainting episodes on Defendant's campus. Plaintiff was diagnosed with this medical condition as a child and is familiar with its symptoms. Plaintiff can often tell when she is at risk to faint. When Plaintiff feels this coming on, Plaintiff is able to communicate this to someone and can lie down or take other action to mitigate Plaintiff's symptoms.

8.     Defendant's employees and agents have met and interacted with Plaintiff to discuss Plaintiff's medical condition. At these meetings and interactions, Defendant's employees and agents have insulted and demeaned Plaintiff.

9.     As time went on and into the Fall 2024 Semester, Plaintiff continued to experience issues with Defendant's agents and employees. Plaintiff consistently asked for support and change to address issues that related to the response to fainting episodes and her medical condition accommodations. Plaintiff was largely ignored and shut down.

10.    On Friday, December 20, 2024, Defendant notified Plaintiff that she was being involuntarily withdrawn from Belmont University due to her medical condition. Plaintiff appealed this decision through Defendant's Appellate Review Committee. Plaintiff's appeal was denied on January 16, 2024. Plaintiff was notified of the appeal decision when Defendant sent campus security officers to escort Plaintiff and her mother off campus. Plaintiff was not allowed to gather her belongings from her dorm room.

**COUNTS I-III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

11.    Plaintiff reincorporates Paragraphs 1-10 as if repeated verbatim herein.

12.    On November 8, 2023, January 23, 2024, and February 23, 2024, Plaintiff met with

Defendant's employees and agents, including the Associate Dean of Students and the Associate Dean of Students for Community Living and Housing, regarding Plaintiff's medical condition.

13. At these meetings, Defendant, through its employees and agents, engaged with Plaintiff in a hostile and demeaning manner. Defendant brought employees and agents, other than those scheduled to attend, to the meeting with no notice to Plaintiff. Defendant, among other things, admonished Plaintiff for Plaintiff's medical condition and fainting episodes, and stated Plaintiff was "traumatizing" other students.

14. At all times Defendant owed a duty to Plaintiff to use reasonable care to avoid causing severe emotional distress.

15. Defendant breached this duty to Plaintiff during the November 8, 2023, January 23, 2024, and February 23, 2024, meetings.

16. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages and injuries, including severe emotional distress.

17. Defendant's above conduct constitutes three (3) counts of negligent infliction of emotional distress.

**COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

18. Plaintiff reincorporates Paragraphs 1-17 as if repeated verbatim herein.

19. In January 2024, Plaintiff while showering, experienced a fainting episode.

20. Per Defendant's guidelines and instructions, Defendant's Campus Security Responded to the incident. One of Defendant's residence assistants responded as well.

21. Defendant's security officer and residence assistant failed to cover up Plaintiff and allowed Plaintiff to lie nude on the shower floor. Plaintiff was conscious at this time but could not

move or speak.

22.    Defendant owed a duty to Plaintiff to use reasonable care to avoid causing severe emotional distress.

23.    Defendant breached its duty to Plaintiff during the aforementioned incident in January 2023.

24.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages and injuries, including severe emotional distress.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.    Plaintiff reincorporates Paragraphs 1-224 as if repeated verbatim herein.

26.    On February 23, 2024, Defendant's Associate Dean of Students wrote Plaintiff a letter informing Plaintiff that she was being removed from campus housing. Defendant made numerous statements regarding Plaintiff's medical condition and the severe emotional distress that is the subject of this Complaint.

27.    Defendant's actions were intentional or reckless.

28.    Defendant's actions were so outrageous they are not tolerated by civilized society.

29.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages and injuries, including severe emotional distress.

## COUNT VI – VIOLATION OF TITLE II

30.    Plaintiff reincorporates Paragraphs 1-29 as if repeated verbatim herein.

31.    Plaintiff is a qualified individual with a disability in the United States. Defendant was aware of Plaintiff's condition and Plaintiff requested accommodations.

32.    Defendant is university that receiving federal financial assistance.

33.    Plaintiff has been excluded from the participation in Defendant's university and subjected

to discrimination by Defendant by reason of her disability. Defendant involuntarily withdrew Plaintiff from attending the university and living in residence life. Defendant used campus security to escort Plaintiff and her mother off campus.

34. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages and injuries.

## DAMAGES

1. As a result of Defendant's negligence, Plaintiff has and will continue to suffer damages in an amount unknown at this time.

2. Plaintiff is requesting from Defendants compensatory damages for the personal injury and disability suffered by Plaintiff as a proximate result of the Defendant's conduct and consequential, incidental, and punitive damages in an amount to be shown at trial.

**WHEREFORE, PLAINTIFF PRAYS:**

1. That process issue upon Defendants requiring them to appear and answer this *Complaint* within the time provided by law;

2. That Plaintiff be awarded a judgment against Defendants for all damages, including actual, compensatory, incidental, and consequential, and punitive in the amount to be proven at trial; prejudgment interest in the statutory rate; Plaintiff's reasonable attorney's fees; and costs in an amount to be determined at trial;

3. For costs of this matter to be taxed to the Defendants; and

4. That Plaintiff have such other, further, and general relief as the Court deems just and equitable or to which he may otherwise be properly entitled under the law.

Respectfully submitted this 21 day of <u>January</u>, 2025.

/s/ DAVID C. BRUST
TIFFANY D. HAGAR, #029190
ERIC L. PHILLIPS, #027980
DAVID C. BRUST, #040233
*Attorneys for Plaintiff*
Hagar & Phillips, PLLC
207 University Ave.
Lebanon, TN 37087
(615) 784-4588
(855) 286-8279 (fax)
ephillips@hplawtn.com
dbrust@hplawtn.com

## CERTIFICATE OF SERVICE

Pursuant to Rule 5.02(2)(a) of the Tennessee Rules of Procedure, I hereby certify that a true and correct copy of the foregoing ***Amended Complaint*** has been served upon the following parties in interest herein by delivering a copy by email to **Jennifer Rusie**, *Attorney for Defendant*, at jennifer.rusie@jacksonlewis.com on this 21 day of January, 2025. If you did not receive this document, please contact the sender immediately to receive a physical copy of this document.

/s/ DAVID C. BRUST
TIFFANY D. HAGAR, #029190
ERIC L. PHILLIPS, #027980
DAVID C. BRUST, #040233

# IN THE FIRST CIRCUIT COURT FOR 20TH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY, TENNESEE

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Docket No.: 24C2771** |
| | ) | **JURY DEMAND (12)** |
| **BELMONT UNIVERSITY,** | ) | |
| *Defendant.* | ) | |

---

## SECOND AMENDED COMPLAINT

---

COMES NOW, the Plaintiff, Jane Doe (hereinafter "Plaintiff"), by and through counsel of record at the Law Offices of Hagar & Phillips, PLLC and files this *Second Amended Complaint* for personal injuries sustained as a result of injuries received at the hands of the Defendant as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Defendant is a Tennessee Non-Profit Corporation with a principal place of business in Davidson County, Tennessee. Defendant is a university.

2.  Plaintiff's causes of action arise in tort under and by virtue of the laws of the State of Tennessee for the damages Plaintiff sustained as a result of the actions of Defendant in Davidson County, Tennessee.

3.  Subject matter jurisdiction over this action is proper pursuant to T.C.A. §16-10-101.

4.  Venue for a trial on the merits in Davidson County, Tennessee is proper in part by virtue of T.C.A. § 20-4-102.

### FACTUAL BACKGROUND

5.  Plaintiff began attending classes at Belmont University during the Fall 2023 semester.

6.      Plaintiff is diagnosed with a medical condition that causes a number of symptoms when Plaintiff transitions from lying down to sitting to standing up, such as a fast heart rate, dizziness, fainting, and fatigue. Plaintiff's medical condition effects Plaintiff every day, but Plaintiff still lives a normal life.

7.      Plaintiff's medical condition has caused Plaintiff to experience fainting episodes on Defendant's campus. Plaintiff was diagnosed with this medical condition as a child and is familiar with its symptoms. Plaintiff can often tell when she is at risk to faint. When Plaintiff feels this coming on, Plaintiff is able to communicate this to someone and can lie down or take other action to mitigate Plaintiff's symptoms.

8.      Defendant's employees and agents have met and interacted with Plaintiff to discuss Plaintiff's medical condition. At these meetings and interactions, Defendant's employees and agents have insulted and demeaned Plaintiff.

9.      As time went on and into the Fall 2024 Semester, Plaintiff continued to experience issues with Defendant's agents and employees. Plaintiff consistently asked for support, changes, and accommodations to address issues that related to the response to fainting episodes and her medical condition accommodations. Plaintiff was largely ignored and shut down.

10.     On Friday, December 20, 2024, Defendant notified Plaintiff that she was being involuntarily withdrawn from Belmont University due to her medical condition. This notification occurred when Defendant's offices were closed. Plaintiff appealed this decision through Defendant's Appellate Review Committee. Plaintiff's appeal was denied on January 16, 2024. Upon information and belief, Defendant has not published the policy it based Plaintiff's withdrawal off. Plaintiff was notified of the appeal decision when Defendant sent campus security officers to escort Plaintiff and her mother off campus.

Plaintiff was not allowed to gather her belongings from her dorm room.

## COUNTS I-III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

11.     Plaintiff reincorporates Paragraphs 1-10 as if repeated verbatim herein.

12.     On November 8, 2023, January 23, 2024, and February 23, 2024, Plaintiff met with Defendant's employees and agents, including the Associate Dean of Students and the Associate Dean of Students for Community Living and Housing, regarding Plaintiff's medical condition.

13.     At these meetings, Defendant, through its employees and agents, engaged with Plaintiff in a hostile and demeaning manner. Defendant brought employees and agents, other than those scheduled to attend, to the meeting with no notice to Plaintiff. Defendant, among other things, admonished Plaintiff for Plaintiff's medical condition and fainting episodes, and stated Plaintiff was "traumatizing" other students.

14.     At all times Defendant owed a duty to Plaintiff to use reasonable care to avoid causing severe emotional distress.

15.     Defendant breached this duty to Plaintiff during the November 8, 2023, January 23, 2024, and February 23, 2024, meetings.

16.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages and injuries, including severe emotional distress.

17.     Defendant's above conduct constitutes three (3) counts of negligent infliction of emotional distress.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

18.     Plaintiff reincorporates Paragraphs 1-17 as if repeated verbatim herein.

19.     In January 2024, Plaintiff while showering, experienced a fainting episode.

20.     Per Defendant's guidelines and instructions, Defendant's Campus Security Responded to the incident. One of Defendant's residence assistants responded as well.

21.     Defendant's security officer and residence assistant failed to cover up Plaintiff and allowed Plaintiff to lie nude on the shower floor. Plaintiff was conscious at this time but could not move or speak.

22.     Defendant owed a duty to Plaintiff to use reasonable care to avoid causing severe emotional distress.

23.     Defendant breached its duty to Plaintiff during the aforementioned incident in January 2024.

24.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages and injuries, including severe emotional distress.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.     Plaintiff reincorporates Paragraphs 1-24 as if repeated verbatim herein.

26.     On February 23, 2024, Defendant's Associate Dean of Students wrote Plaintiff a letter informing Plaintiff that she was being removed from campus housing. Defendant made numerous statements regarding Plaintiff's medical condition and the severe emotional distress that is the subject of this Complaint.

27.     Defendant's actions were intentional or reckless.

28.     Defendant's actions were so outrageous they are not tolerated by civilized society.

29.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages and injuries, including severe emotional distress.

## COUNTS VI-VII – VIOLATION OF TITLE II AND SECTION 504

30.     Plaintiff reincorporates Paragraphs 1-29 as if repeated verbatim herein.

31.     Plaintiff is a qualified individual with a disability in the United States. Despite this, Plaintiff was a dean's list student at Defendant's university.

32.     Defendant was aware of Plaintiff's condition and Plaintiff requested accommodations.

33.     Defendant is university that receives federal financial assistance.

34.     Plaintiff has been excluded from and denied participation in Defendant's university and subjected to discrimination by Defendant by reason of her disability. Defendant involuntarily withdrew Plaintiff from attending the university and living in residence life. Defendant used campus security to escort Plaintiff and her mother off campus.

35.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages and injuries.

36.     Defendant's actions violate Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

## DAMAGES

1.     As a result of Defendant's negligence, Plaintiff has and will continue to suffer damages in an amount unknown at this time.

2.     Plaintiff is requesting from Defendants compensatory damages for the personal injury and disability suffered by Plaintiff as a proximate result of the Defendant's conduct and consequential, incidental, and punitive damages in an amount to be shown at trial.

**WHEREFORE, PLAINTIFF PRAYS:**

1.     That process issue upon Defendants requiring them to appear and answer this *Complaint* within the time provided by law;

2.     That Plaintiff be awarded a judgment against Defendants for all damages, including actual, compensatory, incidental, and consequential, and punitive in the amount to be

proven at trial; prejudgment interest in the statutory rate; Plaintiff's reasonable attorney's fees; and costs in an amount to be determined at trial;

3.  For costs of this matter to be taxed to the Defendants; and

4.  That Plaintiff have such other, further, and general relief as the Court deems just and equitable or to which he may otherwise be properly entitled under the law.

Respectfully submitted this 31st day of January, 2025.

/s/ DAVID C. BRUST
TIFFANY D. HAGAR, #029190
ERIC L. PHILLIPS, #027980
DAVID C. BRUST, #040233
*Attorneys for Plaintiff*
Hagar & Phillips, PLLC
207 University Ave.
Lebanon, TN 37087
(615) 784-4588
(855) 286-8279 (fax)
ephillips@hplawtn.com
dbrust@hplawtn.com

## CERTIFICATE OF SERVICE

Pursuant to Rule 5.02(2)(a) of the Tennessee Rules of Procedure, I hereby certify that a true and correct copy of the foregoing ***Second Amended Complaint*** has been served upon the following parties in interest herein by delivering a copy by email to **Jennifer Rusie**, *Attorney for Defendant*, at jennifer.rusie@jacksonlewis.com on this 31st day of January, 2025. If you did not receive this document, please contact the sender immediately to receive a physical copy of this document.

/s/ DAVID C. BRUST
TIFFANY D. HAGAR, #029190
ERIC L. PHILLIPS, #027980
DAVID C. BRUST, #040233

# IN THE FIRST CIRCUIT COURT FOR 20TH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY, TENNESEE

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Docket No.: 24C2771** |
| | ) | **JURY DEMAND (12)** |
| **BELMONT UNIVERSITY,** | ) | |
| *Defendant*. | ) | |

## MOTION FOR TEMPORARY INJUNCTION

COMES NOW, the Plaintiff, Jane Doe (hereinafter "Plaintiff"), by and through counsel, and pursuant to T.R.C.P. 65.04 and files this *Motion for Temporary Injunction*. In support thereof, Plaintiff would state as follows:

## BACKGROUND

Plaintiff is a student at Defendant's university in Nashville, Tennessee. Plaintiff is diagnosed with a medical condition that causes a number of symptoms when Plaintiff transitions from lying down to sitting to standing up, such as a fast heart rate, dizziness, fainting, and fatigue. Plaintiff's medical condition effects Plaintiff every day, but Plaintiff still lives a normal life. Plaintiff's medical condition has caused Plaintiff to experience fainting episodes on Defendant's campus. Defendant's employees and agents have met and interacted with Plaintiff to discuss Plaintiff's medical condition. At these meetings and interactions, Defendant's employees and agents have insulted and demeaned Plaintiff. Defendant's actions have caused Plaintiff to suffer emotional distress.

Plaintiff filed a *Complaint* against Defendant with this Court on November 1, 2024, alleging four counts of negligent infliction of emotional distress and one count of intentional infliction of emotional distress. Defendant was served with the *Complaint* on November 25, 2024. On December 20, 2024, Defendant notified Plaintiff that she was being involuntarily withdrawn from Belmont University due to her medical condition. Plaintiff appealed this decision through Defendant's Appellate Review Committee. Plaintiff's appeal was denied on January 16, 2025. Plaintiff was notified of the appeal decision when Defendant sent campus security officers to escort Plaintiff and her mother off campus. Plaintiff was not allowed to gather

her belongings from her dorm room. Plaintiff has not been provided and has been unable to locate the exact involuntary withdrawal policy Defendant based her removal on, other than snippets from letters and emails from Defendant.

Plaintiff then filed an *Amended Complaint* on January 21, 2025, and a *Second Amended Complaint* on January 30, 2025, adding claims for violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

## ARGUMENT

A court may grant a temporary injunction during the pendency of an action "if it is clearly shown by verified complaint, affidavit or other evidence that the movant's rights are being or will be violated by an adverse party and the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the adverse party will tend to render such final judgment ineffectual." T.R.C.P. 65.04(2). In considering whether to grant a temporary injunction, the court should consider the following four factors: "(1) the threat of irreparable harm to the plaintiff if the injunction is not granted; (2) the balance between this harm and the injury that granting the injunction would inflict on defendant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest." *Moore v. Lee*, 644 S.W.3d 59, 63 (Tenn. 2022) citing *Fisher v. Hargett*, 604 S.W.3d 381 (Tenn. 2020). These factors, as applied to the present case, weigh in favor of granting Plaintiff's request for a temporary injunction.

First, Plaintiff faces irreparable harm if the injunction is not granted. Plaintiff is in her third year of her undergraduate studies and is a dean's list student. She has completed seventy percent (70%) of the required Well-Core credits to graduate from Belmont University and if she completes the Spring 2025 semester she is thirty (30) credits away from earning a degree in music business. She is on pace to graduate following the Spring 2026 semester. An involuntary withdrawal will undoubtedly show up on her transcript and impact her ability to apply to other colleges and jobs. Furthermore, it is unknown if all credits she has earned at Belmont would transfer to or be accepted by another university as Plaintiff has taken Belmont specifically requires for graduation. Likewise, Belmont is well known for its music business program and heavily promotes its music business students and program. A similar degree from another college would be of lesser value, despite Plaintiff paying for the value of Belmont's music business degree over the past two (2) years. Belmont University costs on average $66,460.00 to attend per

year.[1] Further, Plaintiff has already suffered extreme emotional distress due to Defendant's responses to her disability. Plaintiff appealed her involuntary withdrawal through Defendant's appeal process, but Defendant ultimately upheld its own decision. If Plaintiff is not granted an injunction, she will be set back in her studies, lose an unknown amount of her degree progress, be likely unable to earn the prestigious degree she is on pace for and has paid for. She will have to finish her studies elsewhere. Thus, there is a threat of irreparable harm to Plaintiff if the injunction is not granted.

The second factor looks at "the balance between this harm and the injury that granting the injunction would inflict on defendant." *Id.* Here, Defendant's injury would be minimal, if any. Defendant claims it is involuntarily withdrawing because her disability has created on-going negative effects on other students and campus personnel and have created untenable challenges to campus programs and services. Defendant will likely claim this is because emergency care responds when she feels/experiences symptoms of lightheadedness caused by her disability. Only once has Plaintiff's disability caused a disruption during a class, interrupting other student's classes. Additionally, it is Defendant, not Plaintiff, that insists on Defendant's campus security and emergency medical services (EMS) being called. Naturally, EMS and the presence of security can cause a scene and/or distraction, especially given that EMS becomes extremely upset with Plaintiff when they arrive to no emergency. Plaintiff has repeatedly requested Defendant leave her alone and allow her to deal with her disability. Defendant could do what Plaintiff has asked and only call campus security or EMS when Plaintiff asks for it. Defendant's injury is within its own control, while Plaintiff's is out of her control and has potential lifelong consequences. Furthermore, Defendant gets the benefit of Plaintiff's tuition if the injunction is granted. In short, Plaintiff's potential harm is greater than Defendants and factor two weighs in favor of granting the requested injunction.

The third factor looks at the likelihood the Plaintiff will succeed on the merits. Plaintiff avers that the proof will show Defendant is liable to her for negligent and intentional infliction of emotional distress and that Defendant has unlawfully discriminated against Plaintiff. The claims most applicable to this request for an injunction is the unlawful discrimination under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. To prove a violation of Title II, Plaintiff must show "(1) that he is a qualified individual with a disability;

---

[1] https://www.belmont.edu/sfs/cost/

(2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability." *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006); 42 U.S.C. § 12132. Section 504 has very similar factors but includes the requirement that the institution receive federal funding. *Brown v. Campbell County Bd. of Educ.*, 915 S.W.2d 407, 417 (Tenn. 1995). Plaintiff can prove that she is a qualified individual with a disability as she suffers from postural orthostatic tachycardia syndrome (POTS). Additionally, she can prove she was excluded from Defendant's program because Defendant kicked her out of school, and she no longer has access to the benefits of Belmont University. She can prove that this was due to her disability as Defendant stated so to Plaintiff and indicated in multiple letters that her disability was the reason for the involuntary withdrawal. Lastly, Plaintiff can prove that Defendant receives federal funding as it takes federal student loans. In short, Plaintiff has set for a prima facie case showing violations of Title II and Section 504. Thus, there is a likelihood that Plaintiff succeeds on the merits.

The fourth factor looks at the public interest. First, public interests favor disavowing the behaviors Defendant has engaged in. Defendant's involuntary withdrawal for medical purposes policy is not published, or at least readily accessible. Further, with the knowledge of Plaintiff's emotional distress, Defendant chose to notify Plaintiff of the decision to withdraw her on a Friday evening during the Christmas holiday when Defendant's offices were closed. Defendant then doubled down and notified Plaintiff her appeal had been denied just one day after she was released from the hospital following a suicide attempt. Defendant's actions demonstrate an utter disregard for the health and wellbeing of Plaintiff as a human being.

Additionally, there is public interest in upholding the stated purpose of the Americans with Disabilities Act which is:

> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101.

It is within the spirit of the ADA to prevent the discrimination Plaintiff has faced and not allow it to continue following a prima facie showing of discrimination. To allow Defendant to involuntarily remove Plaintiff from campus based on her disability with no immediate recourse for Plaintiff denies Plaintiff her right to be free from discrimination based on her disability. Individuals with disabilities should not have to be removed from a university, live with it, and then finish studies elsewhere or delay their studies while a court case plays out. Therefore, public policy weighs in favor of granting an injunction to allow Plaintiff to continue her studies at Belmont through the pendency of this litigation.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1. That this *Motion* be granted;
2. For an order prohibiting the enforcement of Plaintiff's involuntary withdrawal from Belmont University through the pendency of this litigation, allowing Plaintiff to resume living in her dormitory and attending classes, and requiring Defendant to allow Plaintiff to complete within a reasonable time the class work missed since she was involuntarily withdrawn; and
3. For any other relief this Court deems necessary.

**SUPPLEMENTARY DOCUMENTS IN SUPPORT OF MOTION:**

1. *Affidavit of Jane Doe in Support of Motion for Temporary Injunction* (filed under seal);
2. *Second Amended Complaint*; and
3. All other Pleadings in this matter.

Respectfully submitted this <u>31st</u> day of <u>January</u> 2025.

/s/ DAVID C. BRUST
TIFFANY D. HAGAR, #029190
ERIC L. PHILLIPS, #027980
DAVID C. BRUST, #040233
*Attorneys for Plaintiff*
Hagar & Phillips, PLLC
207 University Ave.
Lebanon, TN 37087
(615) 784-4588
(855) 286-8279 (fax)
ephillips@hplawtn.com
dbrust@hplawtn.com

## NOTICE OF HEARING

This notice that the foregoing *Motion* will be presented to the Court at 1 Public Square, Nashville, TN 37201 on **Friday, February 14, 2025**, at 9:00 a.m., or as soon thereafter as the Court's docket will permit. If no response to this *Motion* is timely filed and served in accordance with the local rules of Court, this *Motion* shall be granted and Counsel or *pro se* litigant need not appear in Court at the time and date scheduled for the hearing.

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rule 5.02(2)(a) of the Tennessee Rules of Procedure, I hereby certify that a true and correct copy of the foregoing *Request for Injunction* has been served upon the following parties in interest herein by delivering a copy by email to **Jennifer Rusie**, *Attorney for Defendant*, at jennifer.rusie@jacksonlewis.com on this 31st day of January, 2025. If you did not receive this document, please contact the sender immediately to receive a physical copy of this document.

/s/ DAVID C. BRUST
TIFFANY D. HAGAR, #029190
ERIC L. PHILLIPS, #027980
DAVID C. BRUST, #040233

# IN THE FIRST CIRCUIT COURT FOR 20TH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY, TENNESEE

| | | |
|---|---|---|
| JANE DOE,<br>    *Plaintiff,* | ) | |
| | ) | |
| | ) | |
| v. | ) | **Docket No.: 24C2771** |
| | ) | **JURY DEMAND (12)** |
| BELMONT UNIVERSITY,<br>    *Defendant.* | ) | |
| | ) | |

## AFFIDAVIT OF JANE DOE IN SUPPORT OF MOTION FOR TEMPORARY INJUNCTION

I, Jane Doe, the Plaintiff in this matter, after being duly sworn according to law state as follows:

1. I am the Plaintiff in this matter, I am over the age of 18, and make this Declaration based on my personal knowledge or based on information made available to me.

2. I verify the facts contained in the *Second Amended Complaint* and *Motion for Temporary Injunction* are true to the best of my knowledge or information made available to me.

3. I am an individual with a disability, I am diagnosed with postural orthostatic tachycardia syndrome (POTS).

4. On Friday, December 20, 2024, I was notified that I was being involuntarily withdrawn from Belmont University due to my disability creating "on-going negative effects on other students and campus personnel and have created untenable challenges to campus programs and services."

5. I appealed the involuntary decision through Belmont's internal appeal process.

6. On January 13, 2025, I attempted suicide. Belmont University was aware of this. I was released from the hospital on January 15, 2025.

7. On January 16, 2025, Belmont notified me that my appeal was denied. I was notified by the Dean of Students who had campus security in her office escort my mother and I off campus. I was given little time to grab a few belongings resulting in medications being left behind. I have been banned from returning to campus.

8.   The denial of my appeal was based on my disability allegedly causing the campus community "severe distress and significant disruptions in its operations, as well as the chronic and inordinate use of university resources."

9.   I chose Belmont University due to its renowned music business program. In the short time since my involuntary withdrawal, I have been unable to find a program of similar prestige that would allow me to continue my studies and accept all my transfer credits.

10.  I have completed seventy percent (70%) of the required Well-Core credits to graduate from Belmont University and am approximately forty three (43) credits away from earning a degree in music business. If I am allowed to continue this semester I will be thirty (30) credits away from my degree. I was on pace to graduate following the Spring 2026 semester.

11.  I have paid to attend Belmont University for four (4) semesters.

12.  That during my time at Belmont University, I was a dean's list student in the music business program. Upon information and belief, that during my time at Belmont University I had a GPA of 3.8 or 3.9. I am unable to access my academic records to verify my exact GPA.

13.  I am an active member of Belmont's Catholic student organization and I perform numerous writers rounds and music gigs around Nashville.

14.  My disability did not cause any interruptions in my classes during the Spring 2024 semester or the Fall 2024 semester. I fainted in class one time due to heat during the Fall 2023 semester.

15.  I have repeatedly requested from Belmont to discuss my disability with staff and educate staff about my disability, however I was repeatedly redirected from department to department or ignored.

16.  When I did experience symptoms of my disability on campus, Belmont would call its campus security, who would then call emergency medical services ("EMS"). Oftentimes, EMS was called immediately prior to campus security even checking on me. On numerous occasions, EMS would arrive to no issue and then berate me for them being called.

17.  Most recently on December 5, 2024, I was cursed at by EMS. Then on December 11, 2024, I was berated by EMS for over two (2) hours. I was harassed and yelled at by EMS

in front of numerous members Belmont staff. After this incident, I attempted to report this to Belmont so this would stop occurring. However, Belmont took no action.

18. I believe that Belmont has no interest in learning about or accommodating my disability and that Belmont involuntarily withdrew me because of my disability.

19. Based on the above, I will face immediate and irreparable harm if I cannot continue my education at Belmont University.

**Pursuant to 28 U.S.C. Section 1746 and Tenn. R. Civ. P. 72, I declare under penalty of perjury that the foregoing is true and correct. Executed in North Dakota on January 31, 2025.**

Jane Doe

JANE DOE

# IN THE FIRST CIRCUIT COURT FOR 20TH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY, TENNESEE

| | |
|---|---|
| **JANE DOE,** | ) |
| *Plaintiff,* | ) |
| | ) |
| **v.** | )     **Docket No.: 24C2771** |
| | )     **JURY DEMAND (12)** |
| **BELMONT UNIVERSITY,** | ) |
| *Defendant.* | ) |

## ORDER GRANTING TEMPORARY INJUNCTION

This cause came to be heard before the Honorable Judge Briley of the First Circuit Court for Davidson County, Tennessee upon Plaintiff's *Motion for Temporary Injunction*. Upon Plaintiff's *Motion for Injunction*, *Affidavit in Support of Motion for Temporary Injunction*, argument of counsel and review of the record as a whole, this Court finds as follows:

Tennessee Rule of Civil Procedure 65 allows for the issuance of temporary injunctions during the pendency of an action if it is clearly shown by verified complaint, affidavit or other evidence that the movant's rights are being or will be violated by an adverse party and the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the adverse party will tend to render such final judgment ineffectual.

The following four factors apply when considering a temporary injunction: (1) the threat of irreparable harm to the plaintiff if the injunction is not granted; (2) the balance between this harm and the injury that granting the injunction would inflict on defendant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Plaintiff has shown she faces irreparable harm if an injunction is not granted. This is based on the time and expense Plaintiff has expended pursuing a degree at Belmont University and her proximity to graduation, as well as limited options available to Plaintiff to pursue a degree of equal value in a similar time frame.

The harm an injunction would inflict on Defendant is *de minimis* in comparison to Plaintiff's harm. Plaintiff has paid for the benefit of Defendant's university and succeeded in her

studies. Conversely, Defendant's potential injury has not occurred and any distraction on campus is due to Defendant's response.

Plaintiff has plead a prima facie case under prima facie case showing violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. Plaintiff has shown she is a qualified individual with a disability, that Defendant receives federal funding, she was excluded from participation in or denied the benefits of Defendant's university, and the reason for such was Plaintiff's disability. Thus, at this time, there is a likelihood that Plaintiff succeeds on the merits.

It is within the spirit of the ADA to prevent the discrimination Plaintiff has faced and not allow it to continue following a prima facie showing of discrimination.

Plaintiff is entitled to temporary injunction prohibiting the enforcement of Plaintiff's involuntary withdrawal from Belmont University through the pendency of this litigation. Plaintiff shall be allowed to continue her enrollment and return to her student housing and classes immediately. Defendant shall make accommodations to allow Plaintiff to make up within a reasonable time the classwork she missed while the involuntary withdrawal was in effect.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff is entitled to temporary injunction prohibiting the enforcement of Plaintiff's involuntary withdrawal from Belmont University through the pendency of this litigation. Plaintiff shall be allowed to continue her enrollment and return to her student housing and classes immediately. Defendant shall make accommodations to allow Plaintiff to make up the time she missed while the involuntary withdrawal was in effect.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that a hearing on Plaintiff's *Motion for Temporary Injunction* shall be set for the ___ day of _____, 2025 at _____ a.m./p.m. at _____.

**IT IS FINALLY ORDERED, ADJUDGED, AND DECREED** that all other matters are reserved.

**\*\*\* ELECTRONIC SIGNATURE PAGE ATTACHED \*\*\***

APPROVED FOR ENTRY BY:

/s/ DAVID C. BRUST
**TIFFANY D. HAGAR,** #029190
**ERIC L. PHILLIPS,** #027980
**DAVID C. BRUST** #040233
Hagar & Phillips, PLLC
*Attorneys for Petitioner*
207 University Avenue
Lebanon, TN 37087
(615) 784-4588
(855) 286-8279
dbrust@hplawtn.com


## CERTIFICATE OF SERVICE

      Pursuant to Rule 5.02(2)(a) of the Tennessee Rules of Procedure, I hereby certify that a true and correct copy of the foregoing has been served upon the following parties in interest herein by delivering a copy by email to **Jennifer Rusie**, *Attorney for Defendant*, at jennifer.rusie@jacksonlewis.com on this 31st day of January, 2025. If you did not receive this document, please contact the sender immediately to receive a physical copy of this document.

                /s/ DAVID C. BRUST
                TIFFANY D. HAGAR, #029190
                ERIC L. PHILLIPS, #027980
                DAVID C. BRUST, #040233