# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, ) | |
|     Plaintiff, ) | Civil Action No. 3:25-cv-131 |
| ) | Judge Crenshaw/Frensley |
| v. ) | Jury Demand |
| ) | |
| BELMONT UNIVERSITY, ) | |
|     Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION: The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

B.     BRIEF THEORIES OF THE PARTIES

For Plaintiff: Plaintiff alleges that Defendant Belmont University committed Negligent and Intentional Infliction of Emotional Distress against her during her time as a student at Belmont University. Plaintiff suffers from a disability. Plaintiff's claim arises out of Defendant's handling of Plaintiff's disability on campus and various meetings Plaintiff had with Defendant's staff regarding her disability. Particularly comments that her disability cannot keep happening and that her disability is unacceptable and traumatizing. Plaintiff's theory involves the circumstances of the meetings the comments were made as well, not just the comments themselves. Additionally, one NIED claim arises from an instance where Defendant's staff responded to Plaintiff after she fell while nude in the shower and she was left nude for over ten minutes while a male employee remained in the room.

Plaintiff was ultimately involuntarily withdrawn from Belmont University because of her disability. This is the basis for Plaintiff's claim under Section 504 of the Rehabilitation Act of 1973.

For Defendant: Plaintiff enrolled at Belmont University ("Belmont") in Fall 2023. Since then, Plaintiff has experienced hundreds of fainting episodes on campus, resulting in Belmont's campus security responding and calling emergency medical services. On multiple occasions, Belmont met with Plaintiff in order to discuss her medical condition and how Belmont could accommodate it. Plaintiff has refused to identify accommodations for her condition; to the contrary, Plaintiff has requested that Belmont let her lie unattended when she faints, possibly suffering internal or head injuries, and unnecessarily causing other students distress. Plaintiff has attempted suicide on numerous occasions, and she has made clear that she is a threat to herself as long as she is on Belmont's campus.

In December 2024, Belmont informed Plaintiff that she would be involuntarily withdrawn from the university. Plaintiff appealed this decision, and Belmont denied the appeal. Belmont's decision to involuntarily withdraw Plaintiff from the university was not motivated by discrimination. Belmont denies Plaintiff has a disability or that it regarded her as disabled. Belmont denies that it discriminated against Plaintiff. Belmont denies that the conduct about which Plaintiff complains reaches the standard of "outrageous conduct" sufficient to succeed on a claim of negligent infliction of emotion distress or intentional infliction of emotional distress. Belmont denies that Plaintiff is entitled to any relief from Belmont.

C.  ISSUES RESOLVED

1.  Jurisdiction

2.  Venue

3.  Plaintiff in her response to Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint agreed to dismiss her claim under Title II of the Americans with Disabilities Act.

2

Case 3:25-cv-00131   Document 31   Filed 04/28/25   Page 2 of 5 PageID #: 209

E. ISSUES STILL IN DISPUTE:

1. Whether Plaintiff's Third Amended Complaint should be dismissed in its entirety. The parties have submitted briefs on this issue.

2. Whether Plaintiff's Motion for Preliminary Injunction should be granted. The parties need to discuss limited discovery and depositions necessary for a hearing on this Motion.

3. Liability

4. Damages

F. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **May 8, 2025**.

G. CASE RESOLUTION PLAN AND JOINT ADR REPORTS: The parties must make a **minimum of two independent, substantive** attempts to resolve this case. By no later than **August 1, 2025**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement. By no later than **February 6, 2026**, the parties must file another joint status report, which either confirms their second substantive attempt at case resolution or updates the Court on the status of their intended second attempt. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any

motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional.

      H.     DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **January 30, 2026**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all disputes. All discovery-related motions shall be filed by no later than **January 16, 2026**.

      I.     MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **July 25, 2025**.

      J.     DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **September 5, 2025**. The defendant shall identify and disclose all expert witnesses and reports on or before **October 3, 2025**. No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

      K.     DEPOSITIONS OF EXPERT WITNESSES: All experts shall be deposed by no later than **January 30, 2026.**

      L.     TELEPHONE STATUS CONFERENCE: A status conference shall be held telephonically on **December 29, 2025, at 9:00 a.m.**, to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any

other appropriate matters. The Parties shall call 1-855-244-8681, at the appointed time. and when prompted for the access code, enter 23139129180# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

M. DISPOSITIVE MOTIONS: Dispositive motions shall be filed by no later than **April 3, 2026**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

N. ELECTRONIC DISCOVERY: The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No. 174-1 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The jury trial of this action is expected to last approximately three (3) days. A trial date no earlier than **September 29, 2026,** is respectfully requested.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**