UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:25-cv-00131 |
| | ) |
| BELMONT UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Belmont University's ("Belmont") Motion for Reconsideration of State Court's Order on Plaintiff's Use of a Pseudonym (Doc. No. 58), which is fully briefed and ripe for review. (Doc. Nos. 59, 61, 71). Belmont contends reconsideration of the Circuit Court's order allowing Plaintiff to use the pseudonym "Jane Doe" is necessary under Rule 60. This is because: (1) the Circuit Court's order does not bind this Court; and (2) Doe's use of a pseudonym is contrary to the general presumption that courts operate publicly. In response, Doe contends that Belmont's Motion should not be granted because it: (1) has not stated a legal basis for reconsideration; and (2) the factors considered in evaluating whether a plaintiff can proceed under a pseudonym warrant following the Circuit Court's order. (Doc. No. 62).

As an initial matter, the Court takes issue with Belmont's reliance on Rule 60(b) to challenge an interlocutory order. Instead, Belmont should have invoked Rule 54(b), which allows courts to reconsider "interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004). Perhaps realizing this error, Belmont relies on the first prong of the Rule 54(b) analysis in reply.

Nevertheless, the authority Belmont relies upon is of little moment here, given "a state court order entered before removal cannot bind a district court." Hensley v. Conner, 800 F. App'x 309, 312 (6th Cir. 2020). As Belmont states, the Court can therefore revisit the Circuit Court decision based on its own inherent discretion, given that the Circuit Court's decision to allow Doe to use pseudonym status does not make explicit factual or legal findings binding on this Court. Id.; Poe v. Lowe, 756 F. Supp. 3d 537, 544 (M.D. Tenn. 2024).

Under Federal Rule of Civil Procedure 10(a), the complaint must state the names of all parties. Consistent with this requirement, proceeding under pseudonym status is "'inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access.'" In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 474 (6th Cir. 1983) (quoting Ex Parte Drawbraugh, 2 App.D.C. 404 (1894)). Still, in exceptional cases where the plaintiff's "privacy interests substantially outweigh the presumption of open judicial proceedings[,]" Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004), courts may allow a plaintiff to proceed under pseudonym. Citizens for a Strong Ohio v. Marsh, 123 F. App'x 630, 636 (6th Cir. 2005). In determining whether such relief is appropriate, the Court considers:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

Porter, 370 F.3d at 560 (citing Doe v. Stegall, 653 F.2d 180, 185–86 (5th Cir. 1981)). While non-binding, other courts in this Circuit have found "other relevant factors include the risk of prejudice to the defendant's right to mount a defense, the potential of psychological harm to a plaintiff subject to public identification, and whether the plaintiff might suffer harm to his reputation and economic interests." Poe, 756 F. Supp. 3d at 544 (collecting cases). A plaintiff does not have to fulfill all

2

these factors "to be allowed to proceed under a pseudonym, and no one Porter factor is dispositive in the outcome of" the Court's decision to allow or forbid her from proceeding pseudonymously. Doe #11 v. Lee, 2023 WL 1929996, at *3 (M.D. Tenn. Feb. 10, 2023) (citation omitted). Ultimately, "[t]he decision to grant such a motion is within the sound discretion of the district court." Bd. of Educ. of the Highland Local Sch. Dist. v. U.S. Dep't of Educ., 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (citing Porter, 370 F.3d at 560).

These factors, reviewed collectively, counsel against Doe using pseudonym status. Doe does not dispute that the first, third, and fourth Porter factors are not relevant to these proceedings, weighing against Doe's use of a pseudonym. Doe's arguments on the second Porter factor and "other relevant factors" do not save her request to proceed under pseudonym. On the second Porter factor, Doe will not be required to disclose information of the utmost intimacy, as defined by Sixth Circuit precedent, to prove her claims. See Koe v. Univ. Hosps. Health Sys., Inc., 2024 WL 1048184, at *2 (6th Cir. Mar. 8, 2024) ("Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality."); see also Doe v. Carson, 2020 WL 2611189, at *3 (6th Cir. May 6, 2020) (mental illness, absent "exceptional circumstances," did not warrant pseudonym status).

Further, while the Court sympathizes with Doe's argument that the psychological harm to her of proceeding publicly is great, the potential for embarrassment, public humiliation, or stigmatization alone is not enough to warrant pseudonym status. Doe v. Metro. Gov't of Nashville & Davidson Cnty., 694 F. Supp. 3d 1040, 1045 (M.D. Tenn. 2023); see Doe v. Brooks Automation US LLC, 2025 WL 936659, at *3 (M.D. Tenn. Mar. 27, 2025) (reputational harm and embarrassment do not warrant use of a pseudonym). The same is true for Doe's case involving

3

her medical condition, as "[t]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997).

Should Doe wish to prevent disclosure of particularly sensitive information, such as information about her struggles with mental illness, she can seek a protective order or redactions in public filings. Id. ("Should 'John Doe''s psychiatric records contain material that would be highly embarrassing to the average person yet somehow pertinent to this suit and so an appropriate part of the judicial record, the judge could require that this material be placed under seal."); see Ramsbottom v. Ashton, 2021 WL 2651188, at *3 (M.D. Tenn. June 28, 2021) ("courts have recognized that other types of protective orders, such as those requiring that documents containing sensitive information be sealed or redacted, may be appropriate as an alternative to permitting a litigant to proceed anonymously").

At bottom, Doe did not "identify any specific harm arising from disclosure of her identity." Carson, 2020 WL 2611189, at *3. Accordingly, Belmont's Motion (Doc. No. 58) is **GRANTED**, and Doe may no longer proceed under pseudonym status.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE