UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **SAVANAH BENZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:25-cv-00131** |
| | ) | |
| **BELMONT UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Savanah Benz's motions to seal transcripts and exhibits or in the alternative to redact transcripts and exhibits. (Doc. No. 103). Belmont University has responded in opposition, (Doc. No. 105), to which Benz has replied. (Doc. No. 106). The motion is **DENIED WITHOUT PREJUDICE**.

First, Benz's motion fails to recognize that she brought this lawsuit against Belmont alleging disability discrimination and failure to accommodate. Benz put her private healthcare and medical care at issue. She knew or should have known that it would become public.

Second, as the parties recognize, there is a "strong presumption in favor of openness," (Doc. No. 104 at 2) (citing In re Nat'l Prescription Opiate Litig., 927 F.3d 919, 939 (6th Cir. 2019)), yet Benz seeks to redact information unconnected to her. For example, she asks to redact the first name of the other Belmont students, (Doc. No. 102 at 1), and personal information of a non-party Belmont student, (Doc. No. 102 at 2), all without anything close to a justification for sealing or redaction. These requests simply do not conform to Sixth Circuit law that consistently requires a "compelling reason" for why a document should not be available to the public. See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299, 305 (6th Cir. 2016).

Third, Benz fails to identify "highly sensitive information," (Doc. No. 104 at 4), that might qualify for redaction or sealing. If she chooses to do so, she must explain why. The current motion does neither.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE